IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JAMES HAMBY, )<br>Plaintiff )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of Social Security )<br>)<br>Defendant ) | Civil Action No. 04-2758 |

## ORDER OF REMAND

Pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and in light of the Commissioner's motion to remand this action, this case is hereby remanded pursuant to sentence four of 42 U.S.C. § 405(g). Upon remand, the administrative law judge ("ALJ") will:

1) Properly evaluate Plaintiff's credibility in accordance with applicable regulations, case law and Social Security Rulings, by articulating specific reasons for the conclusions reached. The ALJ did not discuss any of the credibility factors outlined in the regulations or case law, nor did he provide specific reasons for his credibility finding.

2) Properly evaluate the medical source opinion evidence of record, by articulating the weight given to each. Opinions from several doctors are contained in the record. However, the ALJ did not indicate what weight if any, was given to each medical source.

3) Properly evaluate Plaintiff's residual functional capacity ("RFC") by taking into account all of Plaintiff's credible exertional and noexertional limitations. Although the ALJ

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _4/28/05_

found that Plaintiff's only several impairment was chronic obstructive pulmonary disease ("COPD"), the ALJ's RFC finding does not account for any environmental limitations.

4) Re-evaluate whether Plaintiff's severe impairment of COPD meets or equals a listing.

5) Upon re-evaluating Plaintiff's RFC and taking into account all credible exertional and nonexertional limitations, properly evaluate Plaintiff's ability to perform his past relevant work.

6) Update the record by requesting the treating sources to provide additional evidence and medical source statements about what Plaintiff can still do despite his impairments.

7) As appropriate, obtain a new internal medicine consultative examination with a medical source statement.

8) If warranted by the expanded record, obtain evidence from a medical expert specializing in pulmonary disease to clarify the nature and severity of Plaintiff's impairment.

9) Obtain evidence from a vocational expert to clarify the effect of Plaintiff's assessed limitations on the occupational base.

Based on the foregoing, this Court hereby enters a judgment reversing the decision of the ALJ and remanding this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). See Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157 (1991); Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct. 2625 (1993). Upon remand, the Commissioner shall take action consistent with this order.

SO ORDERED this 25th day of April, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 17 in case 2:04-CV-02758 was distributed by fax, mail, or direct printing on April 28, 2005 to the parties listed.

---

Chris A. Cornaghie
LAW OFFICE OF CHRIS CORNAGHIE
1407 Union Ave.
Ste. 1203
Memphis, TN 38104

Joe A. Dycus
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT